[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On April 15, 1994 the plaintiffs, Dennis J. Bigler and Jane A. Bigler, filed a six count revised complaint against the defendants, Centerbank Mortgage Company (CMC) and CenterBank. In a memorandum of decision filed December 12, 1994, the court, Hadden, J., struck counts one through four and six of the plaintiffs' revised complaint. On February 2, 1995 the plaintiffs filed a second revised single count complaint alleging breach of contract against the defendants. This single count is functionally identical to the fifth count of the previous revised complaint. The contract in issue concerns a mortgage agreement on a home. The plaintiffs allege that the defendants breached their contract with the plaintiffs when they failed to inform the plaintiffs that the home the plaintiffs were purchasing was located in a special flood hazard area, as was allegedly required by the contract and by federal law. The plaintiffs further allege that as a result of the defendants' failure to inform them about the flood zone, the plaintiffs were without flood insurance when a flood, which occurred on December 11, 1992, subsequently damaged their property.
Although the defendants have not filed an answer to the complaint, before the court at this time is a motion for summary judgment filed on behalf of both defendants. Each side has filed a memorandum of law with supporting documents.
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. "There are situations . . . which do not lend themselves to summary disposition. `It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of CT Page 6227 motive, intent and subjective feelings and reactions.'" Nolan v.Borkowski, 206 Conn. 495, 505, 538 A.2d 1031 (1988), citingBatick v. Seymour, 186 Conn. 632, 645-46, 443 A.2d 471 (1982).
In the present case the defendants argue that summary judgment should be granted in their favor because 1) the breach of contract claim is barred by the applicable statute of limitations; 2) the alleged breach of contract does not give rise to an actionable claim on the part of the plaintiffs; 3) there is no contractual language creating a duty on the part of the defendants to inform the plaintiffs about flood zones; and 4) CMC was not a party to the loan commitment or mortgage deed, which are the documents upon which the plaintiffs rely in this suit.
The file indicates that when the plaintiffs moved to amend their original complaint to include the breach of contract claim, the defendants objected on the ground that the claim was barred by the applicable statute of limitations. The court, Gray, J., on January 10, 1994, overruled the defendants' objection, thus allowing the plaintiffs to amend their complaint to add the breach of contract claim. In their memorandum in support of their objection to the defendants' motion for summary judgment, the plaintiffs' claim that Judge Gray reached the merits of the motion to amend and found that the breach of contract cause of action was not barred by the applicable statute of limitations. Despite the plaintiffs' claim, the file indicates that Judge Gray merely granted the plaintiffs' motion to amend without decision. Judge Gray's ruling does not constitute a determination with respect to the statute of limitations issue.
The defendants have failed to plead the statute of limitations as a special defense. "Practice Book § 164 provides that a statute of limitations defense must be specially pleaded. Accordingly, a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion." Engman v. Laschever, 9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.) Therefore, since the defendants have failed to specially plead the statute of limitations defense, they may not rely upon such a claim on this motion for summary judgment.
The defendants argue that even if the breach of contract claims are timely, the alleged breach does not give rise to an actionable claim in favor of the defendants. The defendants contend that 42 U.S.C. § 4104a, the federal law which imposes a duty on lending institutions to warn borrowers about flood zones, CT Page 6228 does not create a private cause of action on behalf of the borrower. It appears to the court that 42 U.S.C. § 4104a does not allow for a private cause of action. Nevertheless, the defendants' argument is unpersuasive because the plaintiffs in the present case are not attempting to sue the defendants based on a private cause of action under 42 U.S.C. § 4104a, but are alleging, rather, that the defendants made compliance with the federal law a specific term or condition of the loan commitment and mortgage deed and that the defendants breached said agreements by failing to warn the plaintiffs about the flood zone.
The mortgage deed, attached to defendants' memorandum as Exhibit D, states in paragraph 15 that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." It is unclear whether this term of the contract was intended to make the defendants' compliance with federal law a condition of the contract. "Normally, a determination of what the parties intended by contractual commitments is a question of fact. . . ." GaynorElectric Co. v. Hollander, 29 Conn. App. 865, 872, 618 A.2d 532
(1993). "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Bead ChainMfg. Co. v. Saxton Products Inc., 183 Conn. 266, 274-75,439 A.2d 314 (1981). Whether the mortgage deed contains terms creating a duty on the part of the defendants to inform the plaintiff about the flood area involves an issue of fact and cannot be decided on a motion for summary judgment.
The defendants' final argument is that CMC was not a party to the loan commitment or mortgage deed and is thus entitled to summary judgment in its favor. The plaintiffs argue however that all of their correspondence in this matter has been between themselves and CMC. According to the affidavit of Jeffrey L. Briggs, Executive Vice President, Loan Administration, CMC is a wholly owned subsidiary of Centerbank. The loan commitment and mortgage deed both refer to the Banking Center, the name by which Centerbank was formerly known. The court is of the opinion that CMC's involvement in this matter is unresolved at this time and involves issues of material fact thus making it inappropriate for determination on a motion for summary judgment.
Accordingly, for the reasons above set forth, the defendants' CT Page 6229 motion for summary judgment is denied.
William L. Hadden, Jr., Judge